Elizabeth Mayer v. Commissioner.
Mayer v. Commissioner
Docket No. 20627.
United States Tax Court
T.C. Memo 1954-14; 1954 Tax Ct. Memo LEXIS 233; 13 T.C.M. (CCH) 391; T.C.M. (RIA) 54120; April 20, 1954, Filed *233 George L. Weisbard, Esq., for the petitioner. Hugh F. Culverhouse, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent has determined income tax deficiencies and penalties for petitioner as follows: Year
Deficiency
Penalty
1942
$ 2,517.58
$ 1,258.79
1943
282,937.09
141,468.55
The first and principal issue is whether petitioner was a partner in the operation of three liquor stores. The second, and an issue depending upon the first, is whether petitioner's returns understated her income for 1942 and 1943. Originally there were two other issues, one relating to fraud, which the respondent has abandoned, and one relating to the statute of limitations for 1942, which petitioner has abandoned. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. Elizabeth Mayer, a resident of Memphis, Tennessee, was not married. She filed her individual income tax returns for 1942 and 1943 with the collector of internal revenue for the district of Tennessee. After petitioner was graduated from high school she worked as a stenographer. From 1925 to 1943 she worked *234 for the Memphis City Assessor. At the time of the hearing and for a number of prior years, she was a homemaker for one of her brothers, Edwin. Edwin was engaged in the wholesale liquor business. In 1941 petitioner advanced $3,375 to the Bottle House Liquor Store; in 1942, $3,000 to the All Brands Liquor Store; and on June 15, 1943, $2,069 to the Broadway Liquor Store. Some time later this money was repaid to petitioner. All three stores were located in Chattanooga, Tennessee, and were operated by H. C. Hines. All were retail liquor stores, but the All Brands Liquor Store also had a wholesale department. Under an oral agreement, and as a result of her advances to the liquor stores, petitioner was to receive one-third of the profits from the All Brands Liquor Store, one-third from the Broadway Liquor Store, and one-half of the profits from the Bottle House Liquor Store. She was not to share in any of the losses. In July 1943 Arnold Jennings, who like petitioner and Hines had advanced $3,000 to open the All Brands Liquor Store, withdrew his interest and accepted $15,864.81 in full settlement for his interest in the store. On petitioner's 1943 tax return she reported under Schedule *235 C(3) - "Income From Partnerships, Fiduciaries, and Other Sources": All Brands Liquor Store
$38,806.38
Bottle House Liquor Store
6,967.26 Under a like schedule on her 1944 return she reported $3,158.69 from the Broadway Liquor Store. In her petition she made the following statement: "The petitioner has reported and paid tax on all income from the partnership." Hines, in an attachment to his individual return for 1944, reported the following as part of Schedule 3: BROADWAY LIQUOR STORE
(Partnership)
SCH 3
Elizabeth Mayer
$3,158.69
Arnold Jennings
3,158.69
H. C. Hines
3,158.68
$3,158.68
$9,476.06
No current records of account or inventories were kept by the Broadway Liquor Store or the Bottle House Liquor Store. However, at some unknown time, but after the revenue agents had begun an investigation of petitioner's tax returns, a certified public accountant in Chattanooga prepared certain accounting records for the operation of the stores for the years before us. Among these records was a March 5, 1944, balance sheet for the Broadway Liquor Store, and in the analysis of the capital account petitioner is described as a partner. Her *236 capital account was debited with one-third ($4,100) of the aggregate withdrawals ($12,300) for the year. Hines and Jennings were debited with the other two-thirds. On September 17, 1948, H. C. Hines executed the following affidavit which petitioner incorporated in her petition: "I, H. C. Hines, do declare and solemnly affirm on this 17th day of September, 1948, that: "First - Partnership tax returns signed and filed by me for the All Brands Liquor Store, Bottle House Liquor Store, Broadway Liquor Store were, to the best of my knowledge and belief, true and complete returns and showed the entire net income of these stores. "Second - That, as manager for these stores, I made settlements with all persons entitled to share in the profits in accordance with the division of profits shown on the tax returns, and particularly with regard to Miss Elizabeth Mayer that settlements were so made and she was not paid any additional amounts from, or on account of these organizations, or as a result of their operations in any way whatsoever. "Third - That Miss Elizabeth Mayer did not at any time participate in the operation of these stores, nor did she have knowledge of their operation beyond *237 information given her by me and that any and all information given her by me was consistent with the information shown on the tax returns above mentioned. "Signed - H. C. Hines, Chattanooga, Tenn." Notwithstanding Hines' affidavit, petitioner and respondent stipulated that partnership returns, Form 1065, have never been filed by the All Brands Liquor Store, Bottle House Liquor Store, or Broadway Liquor Store. On November 15, 1945, H. C. Hines and and an employee of All Brands Liquor Store pleaded guilty to an indictment charging them and three others with selling whiskey in 1943 from the All Brands Liquor Store at prices exceeding those permitted by the Office of Price Administration. Fines totaling $15,000 were assessed. Petitioner was not included in the indictment, nor was she a party to any litigation involving these O.P.A. proceedings. The stores went out of business early in 1944 as a result of the O.P.A. proceedings. In the statement for 1943 which was attached to the deficiency notice respondent's adjustment is explained as follows: "(b) In the absence of records thereof, distributive net income of partnerships has been determined to be as follows: "All Brands Liquor Store
671,038.53
Bottle House Liquor Store
43,115.03
Broadway Liquor Store
17,713.86
*238 and the share of such distributive net income includable in your return to be: "All Brands Liquor Store
328,265.78
Bottle House Liquor Store
21,557.51
Broadway Liquor Store
5,904.62
Total
355,727.91
Amounts reported from: All Brands Liquor
Store
36,806.38
Bottle House
Liquor St.
6,967.26
42,773.64
Income not reported
312,954.27"
A similar adjustment was made for 1942 and 1944. Opinion The first issue we shall consider is whether petitioner was a partner in the operation of three liquor stores within the meaning of section 3797(a)-2, I.R.C.[1] Respondent's position is that the petitioner was a partner, while petitioner contends that she was a creditor and not a partner. It is interesting to note that the contentions urged upon us are contrary to the ones generally urged by a taxpayer and respondent in partnership cases. Generally, respondent denies the existence of a claimed partnership; here the deficiencies were based upon the existence of a partnership, and computed upon petitioner's share of the distributive income of the alleged partnership. *239 We have found the essential facts as supported by the evidence but the absence of certain evidence is more enlightening on the partnership issue than the facts as found. Petitioner denies the existence of a partnership agreement - written or parol; respondent did not prove one. Petitioner's name did not appear on any of the Federal, state, or city liquor permits for any of the three stores. Furthermore, petitioner testified that she had not applied for any permits, and there was no showing that she did. Petitioner denies that she had authority to sign checks on any bank account for the stores; there is no proof to the contrary. Petitioner's name or a pseudonym for her did not appear on any lease or utility contract. All of these things disprove the existence of a partnership with petitioner as a partner. When we examine the managerial activities or the services rendered to the businesses by petitioner we again find nothing to support the claimed partnership. Petitioner denied that she had any voice in the management or control of the stores. She denied that she had any authority to act for them. There was no showing that she worked in the stores or had anything to to do with their *240 operation. In fact, she denied that she had ever been in any of the stores which were located more than 300 miles away from her home. She also denied that she had anything to do with the books or records of the stores. We believe that the lack of petitioner's services or management activities refutes the existence of a partnership with her as a partner. And finally, there is other evidence that no partnership existed. Hines' testimony supported petitioner's contention. Petitioner was not made a party to any of the O.P.A. proceedings involving the stores. No Federal partnership returns were filed for any of the stores. She did not claim, as a deduction in 1942, any part of the business loss sustained by one of the stores in that year. There is no showing that petitioner received any of the proceeds from the liquidation of the stores in 1944. The fact that petitioner reported income from the business on the schedules designated as "Income From Partnerships, Fiduciaries, and Other Sources" in 1943 and "Income From Partnerships, Estates and Trusts, and Other Sources" in 1944 is to be weighed, but this hardly proves that petitioner was a partner. In presenting his case respondent argues *241 that certain sums, admittedly paid by petitioner, were capital contributions to the partnership and entitled petitioner to a share of the profits as a partner. Petitioner denies that these sums were capital contributions, but testified that they were loans and as such were repaid. She further testified that because of these loans she was entitled to a share of the profits. Her testimony in this respect is weakened because there was no written evidence of her indebtedness. There was, however, evidence that she received a share of the profits. This sharing of profits is evidence of a partnership, but in itself it is not sufficient to prove a partnership, particularly where there was no sharing of the losses. Roland P. Place, 17 T.C. 199, 206, affd., 199 Fed. (2d) 373. Here petitioner had no liability for losses. On the record before us we can not sustain respondent's argument that the money given to Hines for each of the stores was a capital contribution for a partnership. Cf. John A. Morris, 13 T.C. 1020. Nor can we find, as respondent contends, that petitioner's brother contributed services to the partnership so that it would be tantamount *242 to the contribution of services by petitioner herself. The record does not show what services he contributed. Petitioner has not explained the fact that Hines on his individual return for 1944 called the Broadway Liquor Store a partnership, nor has she explained her statement in the petition that, "The petitioner has reported and paid tax on all income from the partnership." Without a satisfactory explanation, this evidence must be weighed against petitioner in resolving the partnership issue. Certain books and records were prepared after the revenue agents began investigating petitioner and Hines, and a balance sheet and statement of income were submitted at the hearing. We have considered this evidence. But how accurate is a balance sheet or a statement of income prepared, without business papers and records, two or three years subsequent to the year reported on? Even under ordinary conditions the correctness of a balance sheet and statement of income under such circumstances would be open to question but more so when they were prepared under the coercion of a revenue agent's investigation. It is regrettable that neither petitioner nor respondent would call the accountant as *243 a witness. From a circumspect examination of the entire record we can not find that petitioner, in good faith and with a business purpose, intended to be a partner in the operation of any one of the three liquor stores, and therefore was not in fact a partner. On this first issue petitioner's contention is sustained. Because the deficiencies were based on a distributive share of partnership income and since we have found that petitioner was not a partner, it is unnecessary to consider the second issue. Decision will be entered under Rule 50. Footnotes
1. SEC. 3797. DEFINITIONS. (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof - * * *
(2) Partnership and partner. - The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization. * * *↩